﻿Citation Nr: AXXXXXXXX
Decision Date: 08/29/19 Archive Date: 08/28/19

DOCKET NO. 190415-8217
DATE: August 29, 2019

ORDER

Entitlement to an effective date of December 17, 2008, and no earlier, for the award of a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is granted.

Entitlement to an effective date of December 17, 2008, and no earlier, for the award of eligibility to Dependents’ Educational Assistance (DEA) benefits under Chapter 35, Title 38 of the U.S. Code is granted.

FINDING OF FACT

The Veteran’s service-connected post-traumatic stress disorder (PTSD) rendered the Veteran unable to secure and maintain substantially gainful employment as of December 17, 2008.

CONCLUSIONS OF LAW

1. The criteria for entitlement to an effective date of December 17, 2008, and no earlier, for the award of TDIU have been met. 38 U.S.C. § 5110 (2012); 38 C.F.R. §§ 3.155, 3.340, 3.341, 3.400, 4.16 (2018).

2. The criteria for entitlement to an effective date of December 17, 2008, and no earlier, for the award of DEA benefits have been met. 38 U.S.C. §§ 3501, 3510, 5113 (2012); 38 C.F.R. §§ 3.807(a), 21.3021 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from March 1968 to March 1970, including service in the Republic of Vietnam.

These matters come to the Board of Veterans’ Appeals on appeal from a March 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

In the April 2019 Board Appeal, the Veteran elected Direct Review. In June and July 2019, the Veteran’s representative requested that the Board allow the full 90 days for the Veteran to submit further evidence. However, because the Veteran elected Direct Review, the submission of additional evidence is prohibited; therefore, the Veteran’s request for the Board to wait the full 90 days prior to the promulgation of a decision is denied.

Earlier Effective Date for TDIU

The Veteran seeks entitlement to an effective date of December 17, 2008 for the award of TDIU. In general, the effective date of an award of disability compensation shall be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400(b)(2)(i). 

In the present case, the Veteran’s claim for TDIU arose out of his claim for an initial increased rating for his service-connected PTSD. See Rice v. Shinseki, 22 Vet. App. 447 (2009). The Veteran filed the claim for service connection for PTSD on December 17, 2008. See December 2008 Application for Compensation, p. 6. Accordingly, the Veteran’s TDIU claim was effectively received on December 17, 2008.

In terms of the date entitlement arose, TDIU may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more disabilities, provided at least one disability is ratable at 40 percent or more, and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). 

Beginning December 17, 2008, the Veteran met the schedular rating requirements for a TDIU, see 38 C.F.R. § 4.16(a), as he had a single disability rated at 70 percent. The Veteran contends that his service-connected PTSD prevented him from securing or following substantially gainful employment and that he became too disabled to work in February 2000. See November 2014 Application for Increased Compensation Based on Unemployability, p. 1. He completed three years of college and has work experience as a chemical operator and courier. Id. at p. 2. The Veteran last worked in a part-time capacity in 2009 as a courier, and he earned below the poverty threshold. See June 2017 Third Party Correspondence, p. 4; see 38 C.F.R. § 4.16(a). 

The Veteran’s PTSD has resulted in occupational and social impairment with deficiencies in most areas since the Veteran filed his claim in December 2008. His PTSD is characterized by chronic sleep impairment, isolation, hypervigilance, irritability, difficulty adapting to stressful circumstances, depressed mood, and suicidal ideation. See December 2009 VA Examination, pp. 2-3. The Board finds that the impact of the Veteran’s PTSD has made it impossible for him to secure and maintain substantially gainful employment since December 17, 2008. The Veteran’s employment history consists of work that would be, and has been, impacted by the Veteran’s PTSD symptoms. Specifically, the above symptoms have resulted in occupational and social impairment with deficiencies in most areas, including work and mood. The Veteran has no additional specialized education, training, or other experience that suggests he may be able to secure gainful employment outside of his past work as a chemical operator or courier. Moreover, many of the symptoms that impact the Veteran’s ability to successfully work as a chemical operator or courier, such as sleep impairment, hypervigilance, irritability, and difficulty adapting to stressful circumstances, would impact the Veteran’s ability to successfully perform work in most occupational settings. 

The Board finds that the Veteran was unable to maintain a substantially gainful occupation as a result of his service-connected PTSD as of December 17, 2008. 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). Therefore, entitlement arose on that date.

As both dates used to determine effective dates are December 17, 2008, the Board finds that this is the most appropriate effective date for the awards of TDIU and, consequently, DEA benefits. See 38 U.S.C. § 5110; 38 C.F.R. § 3.400. Accordingly, an effective date of December 17, 2008, and no earlier, for the award of TDIU is warranted.

Earlier Effective Date for DEA Benefits

Eligibility for DEA benefits requires an underlying service-connected disability that is both total and permanent in nature. 38 U.S.C. § 3501; 38 C.F.R. §§ 3.807, 21.3021. In its February 2019 rating decision, the RO determined that the Veteran was entitled to an effective date for DEA that coincided with the date of entitlement to TDIU benefits. The Board will not disturb this favorable finding and likewise concludes that the effective date for the award of TDIU should be used for the Veteran’s basic eligibility for DEA benefits. Accordingly, an effective date of December 17, 2008, and no earlier, for the award of DEA benefits is warranted.

 

STEVEN D. REISS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board W.V. Walker, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.